IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

NATHAN ADAM HEBERT                                              PLAINTIFF

V.                                        CIVIL ACTION NO. 2:16-CV-13-KS-MTP

COMMISSIONER OF SOCIAL SECURITY                                 DEFENDANT

## ORDER

For the reasons below, the Court **grants** Plaintiff's Motion for Attorney's Fees [16] under the EAJA, but **denies** Plaintiff's Motion for Attorney's Fees [17] under 42 U.S.C. § 406(b).

### A.   *Motion for EAJA Fees*

The Government does not oppose Plaintiff's Motion for Attorney's Fees [16] under the Equal Access to Justice Act, 28 U.S.C. § 2412(a). Therefore, the Court grants Plaintiff's Motion [16] and awards him $4,335.38 in attorney's fees. The award shall be made payable to Plaintiff, pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 91 (2010).

### B.   *Motion for 406(b) Fees*

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). Attorneys often obtain 406(b) fees "pursuant to a contingency-fee agreement." *Murkeldove v. Astrue*, 635 F.3d 784, 788 (5th Cir. 2011). When the

Court makes a fee determination under § 406(b), it should start by assessing the claimant's fee agreement with counsel. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). Here, the Court is not required to interpret contractual language. Rather, the Court must reconcile two contradictory fee agreements.

In support of her unopposed motion for fees under the EAJA, Plaintiff's counsel of record, Lindsay Osterhout, submitted a Contingent Fee Agreement and Power of Attorney (the "Osterhout Contract"). *See* Exhibit to Motion for Fees, *Hebert v. Commissioner*, No. 2:16-CV-13-KS-RHW (S.D. Miss. Jan. 17, 2017), ECF No. 16-2. The Osterhout Contract is dated December 27, 2015, and it was signed by Plaintiff, Karl Osterhout, and Lindsay Osterhout. *Id.* It is on the letterhead of Osterhout Disability Law, LLC, and it expressly provides: "OSTERHOUT DISABILITY LAW will not charge or attempt to charge a fee for their services which will be taken from my past due benefits, if I am ultimately awarded benefits." *Id.* Rather, it provides that "OSTERHOUT DISABILITY LAW will apply for fees under the Equal Access to Justice ACT (EAJA) . . . ." *Id.*

But in support of her opposed motion for fees under § 406(b), Plaintiff's counsel of record, Lindsay Osterhout, submitted a different contract (the "Citizens Disability Contract"). *See* Exhibit B to Motion for Fees, *Hebert v. Commissioner*, No. 2:16-CV-13-KS-RHW (S.D. Miss. Aug. 29, 2017), ECF No. 17-2. The Citizens Disability Contract is dated September 29, 2014, and it was signed by Plaintiff, persons associated with

2

Citizens Disability LLC who are not of record, and Plaintiff's counsel, Lindsay Osterhout. *Id.* It is not on Osterhout Disability Law letterhead, and it provides that Plaintiff will pay Citizens Disability, LLC "a fee of 25% of [his] past due benefits . . . ." *Id.*

Plaintiff's counsel of record, Lindsay Osterhout, seeks an award of fees under § 406(b) pursuant to the terms of the Citizens Disability Contract. For the purpose of addressing the current motion, the Court will assume that Osterhout was a party to the Citizens Disability Contract.[1] "Any contract, however made or evidenced, can be discharged or modified by subsequent agreement of the parties," if the agreement meets "the requirements for a valid contract." *Anderton v. Business Aircraft*, 650 So. 2d 473, 475-76 (Miss. 1995). Whether the new agreement is characterized as "a modification or a stand-alone contract" is irrelevant because it must meet the requirements for a contract regardless. *Singing River Mall Co. v. Mark Fields, Inc.*, 599 So. 2d 938, 947 (Miss. 1992); *see also Gibbons v. Associated Distributors, Inc.*, 370 So. 2d 925, 927 (Miss. 1979).

---

[1]There is substantial reason to doubt this assumption. First, the Citizens Disability Contract is not on Osterhout Disability Law letterhead, as the Osterhout Contract is. Second, Ms. Osterhout's signature appears to have been stamped on the Citizens Disability Contract, rather than signed by hand. Third, Ms. Osterhout's signature on the Citizens Disability Contract is not dated like the other signatures. Fourth, no attorney associated with Citizens Disability Law appeared in this matter until the Court held a teleconference on November 1, 2017, to give Plaintiff's counsel an opportunity to explain the apparently contradictory fee agreements. Plaintiff's counsel provided no satisfactory explanation, merely representing that it was the parties' intent that counsel receive a contingency fee of 25% of the past due benefits, despite the fact that the most recent fee agreement with Plaintiff expressly disclaims any right to a contingency fee award.

Neither Plaintiff nor his counsel have challenged the validity of the Osterhout Contract. In fact, they sought enforcement of the Osterhout Contract in Plaintiff's unopposed motion for EAJA fees. The Osterhout Contract appears to meet the requirements for a valid contract. It evinces a meeting of the minds, and it is supported by legally sufficient consideration. Therefore, even if the Citizens Disability Contract of September 2014 is a valid, enforceable contingency fee agreement between Plaintiff and his counsel of record, the Osterhout Contract of December 2015 constitutes a subsequent modification of that agreement, and its terms control.

Accordingly, the Court denies Plaintiff's counsel's motion for fees [17] under § 406(b), insofar as Plaintiff's counsel has not demonstrated the existence of an enforceable contingency fee agreement between her and Plaintiff.

SO ORDERED AND ADJUDGED this 2nd day of November, 2017.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE